O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WA WEI CHONG, | ) | Case No. CV 10-1171-DTB |
| Plaintiff, | ) | |
| | ) | ORDER AFFIRMING DECISION OF |
| vs. | ) | COMMISSIONER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed a Complaint on February 22, 2010, seeking review of the Commissioner's denial of his application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. In accordance with the Magistrate Judge's Case Management Order, the parties filed a Joint Stipulation ("Jt. Stip.") on October 25, 2010. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**DISPUTED ISSUE**

Whether the Administrative Law Judge ("ALJ") properly considered the medical evidence as contained in the examining physician's opinion. (Jt. Stip. 4.)

**DISCUSSION**

**I. Reversal is not warranted based on the ALJ's alleged failure to properly consider the medical evidence as contained in the examining physician's opinion.**

Plaintiff asserts that the ALJ failed to properly consider an aspect of the opinion of examining physician, Margaret Donohue, Ph.D. (Jt. Stip. 5-6.) Specifically, plaintiff contends that the ALJ improperly disregarded Dr. Donohue's opinion regarding plaintiff's ability to handle stress in a work environment. (Jt. Stip. 7.) The Court disagrees.

In evaluating medical opinions, the Ninth Circuit distinguishes among three types of physicians: (1) Treating physicians (who examine and treat), (2) examining physicians (who examine but do not treat), and (3) non-examining physicians (who neither examine nor treat). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). Generally, an opinion of an examining physician is given more weight than an opinion of a non-examining physician. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). When evaluating any medical opinion, including the opinion of an examining physician, the ALJ considers several factors, including the following: (1) The amount of relevant evidence supporting the opinion and the quality of the explanation provided; (2) the consistency of the medical opinion with the record as a whole; (3) the physician's specialty; and (4) other factors that tend to support or contradict the opinion such as "the degree of understanding a physician has of the Administration's disability programs and their evidentiary requirements and the degree of his or her familiarity with other information in the case record." Id. (internal quotation marks and citations omitted); see also 20 C.F.R. § 404.1527(d)(3)-(6). Furthermore, if the examining

physician's opinion is supported by independent clinical findings based on objective medical tests, such opinion constitutes substantial evidence. Orn, 195 F.3d at 632.

The Court concludes that the ALJ properly evaluated, and fully considered, Dr. Donohue's opinion. The ALJ found Dr. Donohue's opinion to be "fully credible and given weight based on the nature of the examining relationship[], supportability with medical signs and laboratory findings, consistency with the record, and area[] of specialization." (AR 19-20.) On December 1, 2006, Dr. Donohue conducted a complete psychiatric evaluation of plaintiff at the request of the Department of Social Services. (AR 240-43.) Dr. Donohue diagnosed plaintiff with cyclothymia[2] and concluded, *inter alia*, that plaintiff has difficulty interacting with people, handling stress in a work environment and with both concentration and attention. (AR 242.) The ALJ noted that Dr. Donohue diagnosed plaintiff with an affective disorder and opined that plaintiff had difficulty interacting with people on a consistent basis in a work setting. (AR 18.) The ALJ accordingly concluded that "plaintiff has a depressive disorder that is a severe impairment within the meaning of the regulations." (AR 18.)

The ALJ also expressly considered Dr. Donohue's opinions regarding plaintiff's limitations and incorporated the findings into her residual functional capacity ("RFC") assessment. (AR 18-19.) For example, Dr. Donohue found that plaintiff "has difficulty interacting with other people. He is able to do that for a brief period of time episodically in employment settings and has worked historically on a part time basis." (AR 242.) The ALJ concluded that plaintiff "must avoid public interaction but he can tolerate incidental public contact." (AR 18.) Dr. Donohue also found that plaintiff "has a [sic] mild concentration and attention difficulties and may require instructions being repeated." (AR 242.) The ALJ concluded that plaintiff is "limited to simple, repetitive tasks." (AR 18.) In explaining her RFC findings, the ALJ stated that "Dr. Donohue

---

[2] A mental disorder characterized by marked swings of mood from depression to hypomania but not to the degree that occurs in bipolar disorder. Stedman's Medical Dictionary 455 (27th ed. 2000).

3

opined [plaintiff] would have difficulty interacting with people on a consistent basis in a work setting and would have mild difficulty with concentration and attention. This is the most restrictive assessment of record." (AR 19.)

As discussed, the ALJ found that Dr. Donohue's opinion was fully credible and well-supported by relevant evidence, and consequently, afforded Dr. Donohue's opinion greater weight. (AR 18-20.) It appears that, in making this finding, the ALJ considered many factors, including the amount of relevant evidence supporting the opinion, the quality of the explanations, the consistency of the opinion with the record as a whole, and Dr. Donohue's area of specialization. (Id.) The record indicates that for purposes of evaluating the plaintiff, Dr. Donohue reviewed and/or considered the following information: Plaintiff's medical records; plaintiff's past medical, family, social and environmental histories (including plaintiff's past history of mental disorder); analyzed plaintiff's current level of functioning, and conducted a mental status examination of plaintiff. (AR 240-42.) In her findings, Dr. Donohue provided thorough general observations, diagnostic impressions and a medical source statement with detailed explanations for her opinion. (Id.) For example, Dr. Donohue's conclusion that plaintiff had difficulty interacting with people was supported by evidence that plaintiff had a history of easily becoming angry and verbally violent, was irritable and argumentative, did not want to be around people, and almost never saw friends. (Id.)

The ALJ also noted that Dr. Donohue's opinion is consistent with the record as a whole. (AR 18-20.) For example, plaintiff established care with Dr. John Child for cardiac treatment, and during the course of such treatment, plaintiff complained of depressive symptoms. (AR 17-18, 302.) Dr. Child referred plaintiff to Elisa Moreno, M.D., for a psychiatric consultation in February, 2008. (AR 18.) Dr. Moreno opined that "plaintiff endorses symptoms of depression" and noted that plaintiff experiences anxiety when he is around people and in public places. (AR 306-308.) Dr. Moreno recommended that plaintiff treat his depression and anxiety with medication and regular outpatient psychiatric care. (AR 308.) Dr. Donohue's diagnosis of cyclothymia, as

noted above, and finding that plaintiff has difficulty interacting with people, is consistent with Dr. Moreno's opinion. (AR 242, 308.) Finally, Dr. Donohue is a licensed psychologist, and thus, her opinion can be accorded greater weight as a specialist in the mental health profession. 20 C.F.R. § 404.1527(d)(3). Given theses considerations, the ALJ properly considered the requisite factors to evaluate Dr. Donohue's opinion and accordingly afforded her opinion greater weight.

Plaintiff contends that the ALJ "ignor[ed] pertinent portions of Dr. Donohue's opinion regarding [plaintiff's] need to avoid stressful situations while working . . . ." (Jt. Stip. 7.) However, it is not clear that the ALJ did not include this aspect of Dr. Donohue's opinion in her RFC assessment. As explained, the ALJ concluded that plaintiff was limited to simple repetitive tasks and must avoid public interaction. (AR 18.) This limitation appears to implicitly address plaintiff's complaints of stress due to interacting with people and working in new situations, and ostensibly amounts to an acceptance of Dr. Donohue's findings. (AR 18-19, 241-42.) Although the ALJ did not specifically address this aspect of Dr. Donohue's opinion, the ALJ's conclusion about plaintiff's RFC appears to take into account Dr. Donohue's opinion regarding stress limitations.

Furthermore, in interpreting the evidence and developing the record, the ALJ need not discuss every piece of evidence; rather, the ALJ need only discuss evidence that is significant and probative. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003); Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam). Also, the ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); see also Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). Here, Dr. Donohue's opinion regarding any stress limitation for plaintiff was not elaborated upon elsewhere in her psychiatric evaluation. Additionally, there are no other assessments in the record that support this specific limitation. (AR 19.) Although

plaintiff criticizes the ALJ for not specifically mentioning this portion of Dr. Donohue's opinion, plaintiff fails to show why this omission was material. The Court cannot conclude that this portion of Dr. Donohue's opinion, although relevant in the RFC determination, constitutes "significant probative evidence."

Moreover, to the extent the ALJ did not expressly address all of Dr. Donohue's statements regarding plaintiff's symptoms and history, such omission was harmless because it would not have affected the ALJ's ultimate disability determination. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate disability determination); see also Carmickle v. Comm'r of the Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008). It does not appear that the ALJ would have reached a different disability determination had she expressly referenced Dr. Donohue's opinion regarding plaintiff's ability to handle stress in a work environment. Dr. Donohue concluded that, although plaintiff expressed that interacting with other people caused him stress, "[h]e is able to do that for a brief period of time episodically in employment settings and has worked historically on a part time basis." (AR 241-42.) Dr. Donohue noted that plaintiff had "congenial employment" while working as a host at a restaurant operated by his family, but he discontinued working due to his impending heart surgery. (AR 241.) Taking Dr. Donohue's opinion as whole into account, any error the ALJ may have made would not have sufficiently altered the ALJ's conclusions regarding plaintiff's RFC.

Finally, substantial evidence in the record supports the ALJ's disability determination. The ALJ found that the objective medical evidence failed to support plaintiff's claims of debilitating depressive symptoms. (AR 19.) The ALJ considered evidence of plaintiff's denial of depressive symptoms after hospitalization for alcohol intoxication. (AR 17-19.) The hospital discharge summary stated that plaintiff was calm and cooperative with no severe depression. (AR 19, 206.) The ALJ also considered plaintiff's lack of further psychiatric care. (AR 18-19.) The Court notes,

to the extent that plaintiff failed to seek further psychiatric care due to a lack of financial resources, such failure cannot be a basis for the ALJ's decision to deny disability benefits. See Gamble v. Shalala, 68 F.3d 319, 321 (9th Cir. 1995) ("We certainly agree with all the other circuits that a disabled claimant cannot be denied benefits for failing to obtain medical treatment that would ameliorate his condition if he cannot afford that treatment."). However, in this instance, the record indicates that plaintiff was provided with low and no-cost referrals for outpatient psychiatric care, but there is no evidence that he took advantage of such for any further treatment. (AR 18-19, 308.) Finally, Dr. Donohue noted that plaintiff complained of symptoms of depression but opined that plaintiff "is not showing any evidence for depression." (AR 242.) Under these circumstances, the Court concludes that substantial evidence supports the ALJ's determination that plaintiff is not disabled. Accordingly, remand is not warranted on this basis.

To the extent plaintiff contends that the ALJ failed to consider all aspects of Dr. Donohue's opinion in eliciting testimony from the vocational expert ("VE"), this claim does not merit reversal. (Jt. Stip. 9.) In posing a hypothetical question to the VE, the ALJ is required to include limitations that he found credible and supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005); Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). As discussed, the ALJ properly considered Dr. Donohue's findings, and to the extent she failed to note a single observation, this error was harmless. Since the ALJ's hypothetical questions to the VE relied on her complete impairment determinations, new vocational expert testimony is unnecessary. See Osenbrock, 240 F.3d at 1163.

///
///
///
///

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: July 27, 2011

/s/ David T. Bristow

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE